# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No._____

---

Scott Burke,
on behalf of himself and others similarly situated,

      Plaintiff,

v.

Alta Colleges, Inc. d/b/a Westwood College
a Delaware corporation,

      Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Scott Burke, by and through counsel, CORNISH & DELL'OLIO, and for his Complaint against the Defendant, states as follows:

### Introduction

1. This is an action for wages brought pursuant to the federal Fair Labor Standards Act (29 U.S.C. § 201 *et. seq.*).

2. Plaintiff will move the Court for leave to send notice to the class and to pursue the action under authority of 29 U.S.C. § 216(b) as a collective action.

### Others are Similarly Situated

3. Plaintiff seeks to certify a collective class action under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

4.     Plaintiff seeks to certify a class of similarly situated employees composed of "all current and former salaried employees of Alta Colleges, Inc., who were employed as Admissions Field Representatives, after November 18, 2008, and who worked more than 40 hours in a single work week and were not paid overtime."

5.     The Plaintiff and those similarly situated were affected by a common compensation policy, plan or decision which was made by Alta Colleges, Inc.'s corporate management.  Specifically a decision, plan or policy to classify all Admissions Field Representatives as exempt, to pay them on a salaried basis and to not pay them one-and-one-half times their regular rate for hours worked over forty in a single work week.

6.     Plaintiff and those similarly situated as Admissions Field Representatives for Alta Colleges, Inc., performed the same job duties.  They made presentations to high schools in order to identify potential applicants and followed up with meetings with high school students in their homes, which, if successful, ended with the student signing an application for admission to Alta Colleges, Inc.

7.     Admissions Field Representatives employed by Alta Colleges, Inc. during the relevant period of time lacked authority to enter into binding contracts with applicants requiring Alta Colleges, Inc. to enroll them.

8.     All Admissions Field Representatives employed by Alta Colleges, Inc. during the relevant period of time were trained to obtain applications and collect application fees from potential students.

9. All Admissions Field Representatives employed by Alta Colleges, Inc. during the relevant period of time used a materially similar form of application, which, although titled an "Enrollment Agreement," was in fact a non binding application for enrollment.

10. All Admissions Field Representatives employed by Alta Colleges, Inc. during the relevant period of time were trained to and did use an "Enrollment Agreement" as an application form, represented the document to applicants and their parents to be an application form and represented the process of signing the form to be the "application process."

11. Admissions Field Representatives employed by Alta Colleges, Inc. during the relevant period of time lacked the authority to commit Alta Colleges, Inc. to enroll applicants and in fact had no control over whether applicants would be admitted to Alta Colleges, Inc.

12. Following submission of a signed application for enrollment titled an "Enrollment Agreement" to Alta Colleges, Inc. applicants were free to enroll or not enroll at their discretion without consequence and frequently did not enroll.

13. Following submission of a signed application for enrollment titled a "Enrollment Agreement" applicants were required to pass tests administered by Alta Colleges, Inc. Admissions Field Representatives had no control over whether applicants were ultimately allowed to enroll.

14. Plaintiff and all those similarly situated as Admissions Field Representatives for Alta Colleges, Inc. shared the same job title and job duties, were subject to the same

compensation policies, were classified as exempt, were paid on a salaried basis and were not paid one-and-one-half times their regular rate of pay for all hours worked over forty in a single work week.

## Parties

15. The Plaintiff, Scott Burke, is a natural person who resides in El Paso County, Colorado. At all times relevant to the Complaint, he was employed by Alta Colleges, Inc. d/b/a Westwood College, as an Admissions Field Representative.

16. The Defendant, Alta Colleges, Inc. d/b/a Westwood College, is a Delaware corporation authorized to do business in the State of Colorado.

17. At all times relevant to the Complaint the Defendant corporation was an enterprise engaged in commerce within the meaning of the federal Fair Labor Standards Act (29 U.S.C. § 203 (s)(1)) with gross sales of more than $500,000.00 per year.

## Venue

18. All acts giving rise to the cause of action occurred in the State of Colorado.

## First Cause of Action
**(for violations of the federal Fair Labor Standards Act 29 U.S.C. § 207)**

19. Paragraphs 1 through 18 are incorporated herein by reference.

20. Scott Burke and others similarly situated were at all times relevant to the Complaint nonexempt employees under the federal Fair Labor Standards Act (29 U.S.C. § 201 *et. seq.*).

21. Scott Burke was employed by Defendant Alta Colleges, Inc. d/b/a Westwood College, and its predecessor corporation from August 24, 2010 until September 20, 2011.

22. Mr. Burke and others similarly situated were paid on a salaried basis and worked as Admissions Field Representatives, which required more than 40 hours of work per week.

23. Mr. Burke and others similarly situated as Admissions Field Representatives made presentations in high schools during the day, met with potential students and their families in the evenings and worked on the weekends making telephone calls and arranging interviews with potential students.

24. During Mr. Burke's employment with Alta Colleges, Inc. d/b/a Westwood College he and others similarly situated regularly worked in excess of forty hours in a single work week.

25. During Mr. Burke's employment with Alta Colleges, Inc. d/b/a Westwood College Mr. Burke frequently worked as many as 56 hours in a single work week.

26. Management of Alta Colleges knew or should have known that Mr. Burke, and others similarly situated to Mr. Burke, were working more than 40 hours in a single work week.

27. The Defendant failed to pay Scott Burke and others similarly situated for all hours worked in excess of forty in a single work week at one-and-one-half times his regular hourly rate of pay.

28. The Defendant's failure to pay Scott Burke and others similarly situated employees one-and-one-half times their regular rate of pay for all hours worked in excess of forty hours in a single work week was in violation of the federal Fair Labor Standards Act (29 U.S.C. § 207).

29. The Defendant's violations of the federal Fair Labor Standards Act were willful.

## Prayer for Relief

WHEREFORE, Plaintiff demands judgment against the Defendant corporation in an amount which will compensate him and others who may join in the action following notice for all hours worked in excess of forty hours in a single work week at one-and-one-half times his regular hourly rate of pay, for liquidated damages as provided for by 29 U.S.C. 216 (b), and attorney's fees and costs as provided for by 29 U.S.C. 216 (b).

Respectfully submitted this 16th day of November, 2011.

CORNISH & DELL'OLIO

By: s/Donna Dell'Olio
Donna Dell'Olio #10887
Cornish & Dell'Olio
431 N. Cascade Avenue, Suite 1
Colorado Springs, CO 80903
Phone: (719) 475-1204
Fax: (719) 475-1264
ddellolio@cornishanddellolio.com
Attorney for Plaintiff

Plaintiff's Address:
12738 Rockbridge Circle
Colorado Springs, CO 80921