IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02990-WYD-KLM

SCOTT BURKE, on behalf of himself and others similarly situated,

    Plaintiff,

v.

ALTA COLLEGES, INC., a Delaware corporation doing business as Westwood College,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Motion to Stay Proceedings** [Docket No. 16; Filed January 25, 2012] (the "Motion"). On February 1, 2012, Plaintiff filed a Response [#18]. On February 9, 2012, Defendant filed a Reply [#21]. The Motion is ripe for review.

    Plaintiff initiated this lawsuit for lost wages on November 16, 2011 pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* *See Compl.* [#1] at 1. Plaintiff asserts that employees of Defendant who worked under the job title of "Admissions Field Representative" were incorrectly classified by Defendant as exempt from the mandatory overtime pay provisions of the FLSA. *See id.* at 2. Plaintiff seeks to certify a class of such individuals as plaintiffs in this litigation. *See id.* at 1-2.

    On January 25, 2012, Defendant filed an Answer [#15] and the Motion [#16]. Defendant asserts that Plaintiff was properly classified as "exempt" pursuant to the "outside

-1-

sales" exemption of the FLSA; specifically, Defendant avers that Plaintiff and others with his job title performed work comprised of "sales" and/or "obtaining orders or contracts for services" pursuant to 29 C.F.R. § 541.500(a). *See Motion* [#16] at 2.

In the Motion, Defendant seeks a stay of scheduling and discovery until after the United States Supreme Court issues its decision in *Christopher v. SmithKline Beecham Corp.* (No. 11-204), which is currently on appeal from *Christopher v. SmithKline Beecham Corp.*, 635 F.3d 383 (9th Cir. 2011). The questions presented in the *Christopher* case are: "(1) Whether deference is owed to the Secretary's interpretation of the Fair Labor Standards Act's ["FLSA"] outside sales exemption and related regulations; and (2) Whether the Fair Labor Standards Act's outside sales exemption applies to pharmaceutical sales representatives." http://www.supremecourt.gov/qp/11-00204qp.pdf. Defendant argues that the second question, although not dispositive of the issues presented in the present case, "will present a 'roadmap' for analyzing the outside sales exemption and its application in [this] case" because "*Christopher* will be the first Supreme Court decision interpreting the outside sales exemption in the more than seventy-year history of the FLSA." *Motion* [#16] at 2-3; *Response* [#18] at 2; *Reply* [#21] at 2. The duration of the requested stay is dependant on when the Supreme Court issues the *Christopher* decision, which could be issued any time between the present and the end of the Supreme Court term in June 2012; therefore, the maximum length of the stay would be less than five months.

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery when critical issues are pending. *See, e.g., Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this

District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty-day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

It is not uncommon for lower courts to stay proceedings in pending matters when cases containing material issues are awaiting determination by the United States Supreme Court. For example, in *Brin v. State*, a Kansas federal judge *sua sponte* raised the issue of a stay because the Supreme Court had accepted *certiorari* on a material legal issue related to the Americans with Disabilities Act of 1990. *See* No. 97-4243-SAC, 2000 WL 1542830, at *3 (D. Kan. Sept. 19, 2000). The court imposed a stay "[i]n light of the strong possibility that the Supreme Court's upcoming decision in *Garrett* will resolve all of plaintiff's remaining ADA claims," noting that a stay also served "the interests of conserving both judicial resources and those of the parties." *Id.*

> As the Ninth Circuit Court of Appeals has stated:
>
> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court. In such cases the court may order a stay of the action pursuant to its power to control its docket

and calendar and to provide for a just determination of the cases pending before it.

*Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).

When exercising its discretion to stay a matter, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

Turning to the first element, Plaintiff presents several generalized arguments, such as that it "has an interest in proceeding immediately with its prosecution of this claim;" that it "will be extremely prejudiced" by the stay of discovery; and that unnecessary delay "will result in a further degradation of witness memory as well as increase the likelihood that witnesses will be unavailable." *Response* [#18] at 5. However, aside from Plaintiff's conclusory assertions, nothing indicates that these unidentified witnesses or other relevant evidence are at risk of loss or spoliation. Accordingly, the Court finds that Plaintiff has identified no non-speculative prejudicial impact which would result from waiting up to five months to proceed with discovery. The Court finds that the first *String Cheese Incident* factor weighs in favor of staying scheduling and discovery.

With regard to the second factor, the Court finds that Defendant has demonstrated that proceeding with the discovery process may present an undue burden. It is likely that

the Supreme Court's decision in *Christopher* regarding the "outside sales" exemption will directly impact the parties' discovery efforts and motions practice. Although it is impossible to know the extent to which the Supreme Court opinion will affect litigation strategies here, it is reasonable to conclude that the *Christopher* decision will likely impact this case in some fashion. Not only may it serve to properly focus the parties' discovery efforts, but it may also drive settlement of this case. Waiting less than five months for the Supreme Court decision will likely streamline the scope of discovery and, in turn, the scope of this litigation. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying scheduling and discovery.

With regard to the third factor, the Court will have to expend its time and limited resources to adjudicate this dispute. It is certainly more convenient for the Court to stay discovery until it is clear that the case is not mooted or otherwise redirected or resolved as the result of a Supreme Court decision on a fundamental legal issue. Accordingly, the third *String Cheese Incident* factor weighs in favor of staying scheduling and discovery.

With regard to the fourth factor, Plaintiff specifies the interest of potential class action plaintiffs who are not yet parties to this action whose claims may expire pursuant to the statute of limitations. *See Response* [#18] at 5. Defendant agrees to a tolling of the statute of limitations for these potential plaintiffs, thus negating any adverse impact on them. *See Reply* [#21] at 6-7 & n.1. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor of nor against staying scheduling and discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the parties and the Court clearly serves this interest. Thus, the fifth *String Cheese*

*Incident* factor weighs in favor of staying scheduling and discovery.

Weighing the relevant factors, the Court concludes that staying scheduling and discovery pending the issuance of the Supreme Court's decision in *Christopher* is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#16] is **GRANTED**. All scheduling and discovery is stayed pending issuance of the *Christopher* decision.

IT IS FURTHER **ORDERED** that the statute of limitations in this matter is **TOLLED** as of the date of this Order until the date of issuance of the Supreme Court's decision in *Christopher*.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for March 6, 2012 at 10:30 a.m. is **VACATED**. The Court will reset the Scheduling Conference after the *Christopher* decision is issued.

IT IS FURTHER **ORDERED** that Defendant shall file a Notice with the Court within ten (10) days of the issuance of the *Christopher* decision indicating that the decision has been issued.

DATED: February 15, 2012 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge