IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.     11-cv-02990-WYD-KLM

SCOTT BURKE, on behalf of himself and others similarly situated,

 Plaintiff,

v.

ALTA COLLEGES, INC., d/b/a Westwood College, a Delaware corporation,

 Defendant.

**MINUTE ORDER**

ORDERED ENTERED BY CHIEF JUDGE WILEY Y. DANIEL

 On November 16, 2011, Plaintiff filed the instant action for wages pursuant to the Federal Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201 *et. seq.*).   On July 13, 2012, Plaintiff filed a Motion to Certify Conditionally a Collective Action Under the Fair Labor Standards Act 29 U.S.C. § 216(b) and for Court Assisted Notice Under Authority of *Sperling v. Hoffman La Roche*, 493 U.S. 165, 169 (1989) ("Motion to Certify Conditionally a Collective Action").   I set a hearing on this motion for October 9, 2012.   On August 13, 2012, Defendant filed a Motion to Stay the Deadline for its Response to Plaintiff's Motion to Certify Conditionally a Collective Action, to Bifurcate the Case, and Request for Court Conference ("Motion to Stay").

 A claim brought pursuant to the FLSA must be "commenced within two years after the cause of action accrued . . ."   29 U.S.C. § 255(a).   An action is "commenced" on the date the complaint is filed, subject to certain exceptions.   29 U.S.C. § 256.   In the case of a collective action, if an individual claimant does not immediately file written consent to become a party plaintiff, or if the individual claimant's name does not appear on the initial complaint, plaintiff's action is considered to be "commenced" when a plaintiff files written consent.   29 U.S.C. § 256(b).   In short, the FLSA has an "opt-in" mechanism which presumes a lapse of time between the date a collective action is commenced and the date that each opt-in plaintiff files his or her consent form.   With respect to an individual's claim, the statute of limitations is not tolled until he or she files a written consent to join or opt-in to the collective action.   *Id.*

 Should this action be certified as a collective action under 29 U.S.C. § 216(b), I am

concerned about possible statute of limitations issues impacting claims by potential opt-in plaintiffs.   Accordingly, Defendant's Motion to Stay is **DENIED** to the extent that it seeks a stay in responding to Plaintiff's Motion to Certify Conditionally a Collective Action. Defendant's response to this motion shall be filed not later than **Monday, August 27, 2012.**   The remaining issues raised in Defendant's Motion to Stay will be addressed at the hearing set for October 9, 2012.   Should I deny Defendant's Motion to Stay at the hearing, I will then hear argument on the Plaintiff's Motion to Certify Conditionally a Collective Action.

      Dated: August 21, 2012