IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:11-CV-02990-WYD-KLM

SCOTT BURKE, on behalf of himself and
others similarly situated,

        Plaintiff,

v.

ALTA COLLEGES, INC. d/b/a
WESTWOODCOLLEGE, a Delaware
corporation,

        Defendant.

## STIPULATED PROTECTIVE ORDER

        This matter comes before the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for the entry of a Protective Order governing the disclosure of documents and information pertaining to proprietary and/or confidential matters. It appears to the Court that entry of this Order is appropriate, recognizing that the parties to this case have stipulated hereto, and for good cause shown, IT IS ORDERED:

        1.     This Protective Order is entered between Plaintiff, Scott Burke, individually and on behalf of all others similarly situated, and Defendant Alta Colleges, Inc. d/b/a Westwood College, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

        2.     The purpose of this Protective Order is to protect against the unnecessary disclosure of confidential and/or proprietary information of both parties. Documents, materials, and information protected by this Order will hereafter be referred to as "Confidential Materials."

        3.     "Confidential Material" is any information, documents, testimony, or other

discovery materials that contains, reflects, or reveals information that the designating Party believes in good faith is confidential personal, medical or financial information or a trade secret or other confidential research, development, or commercial information entitled to protection under Fed. R. Civ. P. 26(c)(1)(G). Any information to be designated by a Party as "Confidential Material" must first be reviewed by a lawyer and be determined to be subject to protection as confidential personal, medical or financial information or under Fed. R. Civ. P. 26 (c)(1)(G) or other federal or state confidentiality protection before being marked "Confidential.". "Confidential Material" may include, but is not limited to, medical records; non-public business information; financial statements; technical information; or personnel information, including personnel records of third parties and personnel information and records relating to past, present, and/or prospective students of Defendant, including, but not limited to, application and enrollment information and agreements, and tuition and financial aid information.

4. In order for the materials to receive confidential treatment, the Parties may, in good faith, designate any document, material, and/or information provided in discovery as "Confidential" by clearly and conspicuously marking it with the word "Confidential," or in the case of deposition or hearing testimony, indicating on the record that some or all of the testimony is "Confidential."

5. If a dispute arises as to the designation of any document, material, and/or information as "Confidential," the parties agree to attempt to resolve the issue in good faith. If the matter is not resolved by the parties themselves, the party or non-party challenging the confidential status or information shall bring the dispute before the Court for a determination [handwritten: pursuant to MJ Mix's discovery dispute procedures]. The party asserting the confidential status of the document, material, and/or information shall have the burden of showing that the documents, materials, and/or information contain

2

15013116v.1

Confidential Materials and are thus subject to the restrictions of this Order. During the pendency of the dispute, the materials shall be treated as Confidential Materials in accordance with the terms of this Order.

6. Acceptance of documents or information designated as Confidential Materials will not be construed as an admission that the materials are properly designated as Confidential Materials. A party need not challenge the propriety of a designation of a document or information as confidential at the time made, and failure to do so shall not preclude subsequent challenge to the designation or constitute any admission of confidentiality.

7. As used herein, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Materials, whether pursuant to request, interrogatory, process or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise. The restrictions contained in this Order regarding disclosure of Confidential Materials also apply with equal force to any excerpts, analyses, or summaries of such items or the information contained in them, as well as to any briefs, pleadings, exhibits, transcripts or other documents which may be prepared for filing in this litigation which contain or refer to the Confidential Materials or information contained in them.

8. Confidential Materials shall not be disclosed or used for any purpose except the preparation and trial of this case.

9. Confidential Materials shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to the following qualified recipients and only for purposes of prosecuting and defending this litigation: (a) the Court and Court personnel; (b) the attorneys actively working on this case and persons

employedor associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation of trial, or at trial, or at other proceedings in this case; (c) the parties, including opt-in Plaintiffs, the employees of Defendant involved in the defense of the case; (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case; (e) court reporters who are engaged in proceedings necessarily incident to the conduct of this action; (f) deponents, witnesses, or potential witnesses; and (g) other persons by written agreement of the parties.

10. Each person listed above to whom Confidential Materials are disclosed, including experts or consultants retained by the parties, shall first be advised of the existence and the content of this Protective Order and shall be bound by its terms. Counsel for the respective parties shall be responsible for assuring compliance with the terms of this Protective Order and for obtaining the prior agreement to be bound by the terms of the Protective Order from all qualified recipients to whom any Confidential Materials are disclosed in accordance with this Protective Order.

11. Neither the provisions of this Order nor any failure by a party to designate any information, document, or material as Confidential Materials shall constitute a waiver of the rights of a party to assert confidentiality with respect to the information, document, or material meeting the definition of Confidential Materials. Any party who inadvertently fails to identify documents as Confidential Materials shall provide written notice of the error immediately upon discovery of that failure and substitute appropriately-designated documents. The information, document, or material identified will be treated as if it had been originally designated as Confidential Materials and will be subject to the terms of this Order. Any party receiving the

improperly-designated documents shall retrieve such documents from persons not entitled to receive the documents and shall return or destroy the improperly-designated documents. If a party produces multiple identical copies of a document (but with different bates numbers) and one has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation.

12. If a party files a document containing Confidential Materials with the Court, the party shall do so in compliance with the Court's procedures for filing under seal. Should any document designated as "Confidential Material" by an opposing party not meet the requirements of D.C.Colo.L.Civ.R. 7.2 for filing under seal in the opinion of the attorney who intends to file the document with the Court, the filing attorney shall utilize the procedures set forth in paragraph 5 of this Protective Order to attempt to resolve the dispute. Prior to disclosure at trial or at a hearing, the parties may seek further protections against public disclosure from the Court as deemed appropriate.

13. At the termination of this litigation, including any appeals, counsel for any party that received Confidential Materials from an opposing party shall return immediately to counsel for the disclosing party all Confidential Materials disclosed subject to this Order, unless the disclosing party agrees that the receiving party may simply destroy the affected material. Notwithstanding the above, counsel for a party may retain pleadings containing Confidential Materials and work product (*e.g.*, memoranda or attorneys' notes) containing Confidential Materials for archival purposes.

14. The production of information and/or documents pursuant to this Order shall not constitute an admission that the information and/or documents are relevant, discoverable, or admissible at any trial or hearing in this proceeding. The party producing documents and/or

5

information pursuant to this Order does not waive any objections to the admissibility of such documents and/or information at any hearing, trial, or other proceeding.

15. Nothing in this Order shall preclude any party from seeking further or different protection from the Court under Federal Rule of Civil Procedure 26(c).

16. The obligations imposed by this Order shall survive the termination of this action, and the Court shall retain continuing jurisdiction to enforce the terms of the Order.

IT IS SO ORDERED

_____
United States Magistrate Judge

Dated: __12/12__, 2012

Stipulated and agreed to by:

**FOR PLAINTIFF:**

s/ _____
Donna Dell'Olio
CORNISH & DELL'OLIO
431 N. Cascade Ave., Suite 1
Colorado Springs, CO 80903
Tel: (719) 475-1204
Fax: (719) 475-1264
ddellolio@cornishanddellolio.com

**FOR DEFENDANT:**

s/ Kara L. Goodwin
Noah A. Finkel
Kara L. Goodwin
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000
nfinkel@seyfarth.com
kgoodwin@seyfarth.com

Elizabeth I. Kiovsky
KIOVSKY/DUWALDT, LLC
2820 Welton Street
Denver, CO 80205
(303) 320-8301
beth@kdemploymentlaw.com

15013116v.1