UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02990-WYD-KLM

SCOTT BURKE, on behalf of himself and others similarly situated,

Plaintiff,

v.

ALTA COLLEGES, INC., d/b/a Westwood College, a Delaware corporation,

Defendant.

---

**ORDER**

---

I.   <u>INTRODUCTION</u>

THIS MATTER is before the court on Defendant's Motion for Summary Judgment on the Claims of Plaintiff Scott Burke and Opt-In Plaintiffs Steven Levine and Nicholas Hruby (ECF No. 115).

By way of background, Plaintiff Burke and the Opt-In Plaintiffs ("Plaintiffs") assert claims against Defendant ("Westwood") for unpaid overtime compensation and related penalties and damages. According to the Complaint, Plaintiffs are former Westwood College Field Admissions Representatives, and until recently, sought certification of a nationwide collective action pursuant to section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated Westwood College employees, based on allegations that Westwood unlawfully classified them as "exempt" from overtime payments under the FLSA, and failed and refused to pay them overtime.

At a hearing held on October 9, 2012, I granted the Plaintiffs' motion to

conditionally certify this case as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  At the time the Scheduling Order was entered, twenty-five former Westwood employees had opted in to the action.  Plaintiffs' counsel also anticipated that additional Opt-in Plaintiffs would be joined through another lawsuit, which was then pending in Atlanta, Georgia.  However, circumstances changed and multiple Opt-In Plaintiffs have withdrawn from this action, leaving approximately ten to twelve Opt-In Plaintiffs.  Thus, on May 14, 2014, Plaintiffs filed both a Motion to Amend Complaint to Join Opt-in Plaintiffs as Parties to the Action (ECF No. 142) and a Motion to modify the Scheduling Order for Good Cause (ECF No. 141), which essentially request that the Court convert this case to an ordinary civil action, by allowing joinder of the Opt-In Plaintiffs as parties.  At a June 11, 2014 hearing, I granted both motions for reasons stated on the record.  Thus, this order will not address any issue related to the collective action, but will solely address Westwood's challenges to the claims brought by Plaintiffs Burke, Levine, and Hruby.

Also at the June 11, 2014 hearing, I heard argument on Westwood's motion for partial summary judgment.  The central issue to be decided in ruling on Westwood's motion for partial summary judgment is whether, as a matter of law, Burke, Levine and Hruby are exempt from the FLSA's overtime requirements.[1]  Resolution of this issue turns on whether Plaintiffs' primary job duties as Field Admissions Representatives qualify them for status as "outside salesmen" under the FLSA.  If Plaintiffs are properly classified as "outside salesmen," then they are exempt from the FLSA's overtime

---

[1] While other Plaintiffs remain in this action, Westwood's motion is limited to the claims of Burke, Levine, and Hruby.

requirements, and the FLSA claims against Westwood must be dismissed.

II.    ANALYSIS

   A.    Standard for Summary Judgment

      Pursuant to rule 56(c) of the Federal Rules of Civil Procedure, the court may
grant summary judgment where "the pleadings, depositions, answers to interrogatories,
and admissions on file, together with the affidavits, if any, show that there is no genuine
issue as to any material fact and the ... moving party is entitled to judgment as a matter
of law."  Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250
(1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220
F.3d 1184, 1190 (10th Cir. 2000).  "When applying this standard, the court must 'view
the evidence and draw all reasonable inferences therefrom in the light most favorable to
the party opposing summary judgment.'"  *Atlantic Richfield Co. v. Farm Credit Bank of
Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).  "'Only disputes over
facts that might affect the outcome of the suit under the governing law will properly
preclude the entry of summary judgment.'"  *Id.* (quotation omitted).  Summary judgment
may be granted only where there is no doubt from the evidence, with all inferences
drawn in favor of the nonmoving party, that no genuine issue of material fact remains for
trial and that the moving party is entitled to judgment as a matter of law.  *Bee v.
Greaves*, 744 F.2d 1387 (10th Cir. 1984).

      However, only admissible evidence may be considered when ruling on a
summary judgment motion.  *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d
1467, 1474 (10th Cir.), *cert. denied*, 474 U.S. 823 (1985).  Conclusory allegations do
not establish issues of fact sufficient to defeat summary judgment.  *McVay v. Western*

*Plains Service Corp.*, 823 F.2d 1395, 1398 (10th Cir. 1987).  "Allegations unsupported by any significant probative evidence tending to support the complaint are insufficient (internal citation omitted), as are conclusory assertions of the existence of factual disputes."  *Schrader v. E.G.& G., Inc.*, 953 F. Supp. 1160, 1164 (D. Colo. 1997) (citing *Anderson*, 477 U.S. at 247-48).

      B.     Overview of the Fair Labor Standards Act

      To establish an FLSA claim for overtime, a plaintiff must prove that: (1) he was an employee who was eligible for overtime (not exempt), and (2) that he actually worked overtime hours for which he was not compensated.  29 U.S.C. § 207(a)(2). Generally, the FLSA requires that employers pay their employees overtime for all hours worked in excess of forty (40) hours per week.  29 U.S.C. § 207(a)(1).  Relevant to this case, there is an exemption to this general rule, however, for any person employed in the capacity of "outside salesman." 29 U.S.C. § 213(a).  An employee entitled to the outside sales exemption is defined by the Department of Labor ("DOL") as any employee:

      (1)     Whose primary duty is: (i) making sales within the meaning of section 3(k) of the Act, or (ii) obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer;[2]

---

[2] According to DOL regulations, an employee's "primary duty" is the "principal, main, major, or most important duty that the employee performs."  29 C.F.R. § 541.700. The outside sales regulation provides:

> In determining the primary duty of an outside sales employee, work performed incidental to and in conjunction with the employee's own outside sales or solicitations, including incidental deliveries and collections, shall be regarded as exempt outside sales work. Other work that furthers the employee's sales efforts also shall be regarded as exempt work including, for example, writing sales reports, updating or revising the employee's sales or display catalogue, planning itineraries and attending sales conferences.

and

(2)     Who is customarily and regularly engaged away from the employer's place
        or places of business in performing such primary duty.[3]

29 C.F.R. § 541.500(a).[4]

Recently, the Supreme Court addressed "whether pharmaceutical [sales representatives] are outside salesmen as the DOL has defined in its regulations." *Christopher v. SmithKline Beecham Corp.*, ___ U.S. ___, 132 S.Ct. 2156, 2165 (2012). In its analysis, the Supreme Court advised that in assessing the outside sales exemption, courts should perform a "functional" inquiry "that views an employee's responsibilities in the context of the particular industry in which the employee works." *Christopher*, 132 S.Ct. at 2170.  Using this functional approach, the *Christopher* Court found that pharmaceutical sales representatives had "making sales" as their primary duty and therefore were employed in the capacity of outside salesmen.  *Id.* at 2172. While the pharmaceutical sales representatives did not actually complete a sale by transferring a title, they provided information to physicians about the company's products and sought commitments from the physicians to prescribe and use these products.  *Id.*

Here, Westwood acknowledges that the employer bears the burden of

_____

29 C.F.R. § 541.500(b).

[3] The phrase "customarily and regularly" means "a frequency that must be greater than occasional but which, of course, may be less than constant.  Tasks or work performed 'customarily and regularly' includes work normally or recurrently performed every workweek; it does not include isolated or one-time tasks."  29 C.F.R. § 541.701.

[4] Unlike other "white collar" exemptions under the FLSA, the outside sales exemption does not have a salary basis requirement.  *See* 29 C.F.R. § 541.500(c).

demonstrating that its employees are exempt from the FLSA's overtime provisions.

*Aaron v. City of Wichita*, 54 F.3d 652, 657 (10th Cir. 1995).  Exemptions to the FLSA

are "narrowly construed" against the employer, and must be proved by "clear and

affirmative" evidence.  *Id.* at 657.

      C.    <u>Plaintiffs' Job Duties</u>

Defendant Westwood College is a for-profit education company providing

hands-on, career-focused, education to high school graduates and working adults.

Westwood is headquartered in Denver, Colorado, and maintains an online campus and

14 campuses across California, Colorado, Georgia, Illinois, and Virginia, offering degree

programs in high-growth employment fields such as technology, healthcare, business,

design, justice, and industrial services.  The primary role of Westwood's Field

Admissions Representatives is to selectively prospect, interview, recommend, and

enroll individuals into one of Westwood's career-focused education programs and guide

the prospective student through the enrollment completion process.

During the relevant time period, as Field Admissions Representatives, Plaintiffs

Burke, Levine, and Hruby each received an annual salary of $50,000.  Prior to October

2010, Westwood provided its Field Admissions Representatives a base salary as well

as a bonus based on retention and completion of students.  In September or October

2010, Westwood eliminated all incentive compensation to Admissions Representatives

in anticipation of revised federal regulations.

Westwood maintains that it has always classified the position of Field Admissions

Representative as exempt.  Plaintiffs dispute this asserting that in September 2010,

Westwood reclassified the Field Admissions Representative as nonexempt.  Westwood

responded by claiming that the reference to the position as nonexempt in the 2010 job description was an administrative error and was posted incorrectly.

In order to determine whether Plaintiffs are exempt from the FLSA's overtime requirements, it is necessary to determine Plaintiffs' primary job duties.  When evaluating exemption claims under the FLSA, "[t]he question of how an employee spends his time is a question of fact, while the question of whether his activities fall within an exemption is a question of law."  *Jastremski v. Safeco Ins. Co.*, 243 F.Supp.2d 743, 747 (N.D. Ohio 2003) (internal quotation omitted).  Westwood characterizes the primary job duty of Field Admissions Representatives as "sales" or "selling Westwood's educational programs and services to prospective students."  (Def.'s Mot. at 45).  On the other hand, Plaintiffs characterize their primary job duty as "college recruiters," which are not exempt from the overtime requirements of the FLSA.  After carefully examining the parties' voluminous submissions in support and in opposition to summary judgment along with hearing argument at the June 11, 2014 hearing, for reasons stated on the record, I find there are genuine issues of material fact involving Plaintiffs' job duties.

      D.    <u>Whether Overtime Damages Should be Calculated Using the "Half-Time" Method</u>

Alternatively, Westwood argues that in the event that I award overtime damages to Plaintiffs, the "half-time" method should be employed.  The FLSA requires eligible employees to be compensated at one and one-half their hourly wages for overtime hours worked.  29 U.S.C. § 207(a)(1).  Where, however, certain conditions are met, the rate is reduced to "half time."  29 C.F.R. § 778.114 (2003).  This is referred to as the

"fluctuating workweek" method.  Pursuant to the Department of Labor's regulations, the fluctuating workweek method is to be used when "there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period." *Id.* § 778.114(a).  Under this kind of compensation structure, the salary "is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek." *Id.*  Thus, regardless of the fluctuating nature of the hours an employee may work, be it forty or sixty, the salary is intended to pay for all hours worked.  In contrast, an employee who is compensated on an hourly basis is entitled to overtime calculated by the time-and-a-half method. *Clements v. Serco, Inc.*, 530 F.3d 1224, 1230 (10th Cir. 2008).

Importantly, § 778.114 applies only if there is "a clear mutual understanding of the parties" that the fixed salary is compensation for however many hours the employee may work in a particular week, rather than for a fixed number of hours per week.  Here, Plaintiffs argue that Field Admissions Representatives and Westwood never reached a mutual understanding that an overtime premium would be paid for hours over forty. Westwood's position that the Plaintiffs were exempt from the FLSA's overtime requirement suggests a lack of a mutual understanding that overtime would be paid at a half-time rate.

E.    Whether Westwood Wilfully Violated the FLSA

The final issue in connection with the pending motion for partial summary judgment is whether Westwood knowingly, willfully and recklessly violated the FLSA. Westwood asserts that even if there was a violation of the FLSA in connection with the

misclassification of the Field Admissions Representative position, any such violation falls short of a knowing, willful or reckless violation as a matter of law since Westwood believed it was acting in accordance with the industry standard for for-profit educational companies to classify the position as exempt.  Consequently, Defendants argue that Plaintiffs' claim that Defendants knowingly, willfully or recklessly violated the FLSA should be dismissed as a matter of law.

As Plaintiffs note in response to Westwood's argument, a finding of "willfulness" is relevant to two distinct questions: 1) whether Plaintiffs, if successful in demonstrating a violation, will be entitled to liquidated double damages, 29 U.S.C. §216(b); and 2) whether Plaintiff's claims are subject to a two or three year statute of limitations. 29 U.S.C. §255.  Although the recovery of liquidated damages and the application of a three year limitations period both require Westwood to have acted willfully, the term is construed differently in each context.  *Fowler v. Incor*, 279 Fed. Appx. 590, 599 (10th Cir. 2008) (noting that "[a]lthough a standard of willfulness applies to both liquidated damages and the statute of limitations under the FLSA, the definitions and burdens of proof differ for each.")

As to the first issue regarding liquidated damages, Plaintiffs argue that there are fact issues as to their entitlement to such damages.  I note that "[o]rdinarily, an employer who violates the FLSA is liable for both unpaid wages and an additional equal amount as liquidated damages."  *Garcia v. Tyson Foods, Inc.*, 766 F. Supp. 2d 1167, 1184 (D. Kan. 2011).  This additional compensation is "'not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA.'"  *Jordan v. U.S. Postal*

*Serv.*, 379 F.3d 1196, 1202 (10th Cir. 2004) (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)).  "'[T]he purpose for the award of liquidated damages is the reality that the retention of a workman's pay may well result in damages too obscure and difficult of proof for estimate other than by liquidated damages.'" *Id.* (citing *Renfro v. City of Emporia, Kan.*, 948 F.2d 1529, 1540 (10th Cir. 1991)).

To avoid liquidated damages, Westwood must demonstrate "that the act or omission giving rise to such action was in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation of the FLSA ...." 29 U.S.C. § 260.  "[T]he employer bears the burden of establishing, by plain and substantial evidence, subjective good faith and objective reasonableness." *Reich*, 121 F.3d at 71.  To demonstrate such good faith, the "employer bears the burden of proving an honest intention to ascertain and follow the dictates of the FLSA" [and] "must also prove its position was objectively reasonable." *Hultgren v. Cty. of Lancaster, Neb.*, 913 F.2d 498, 509 (8th Cir. 1990).

In satisfying this burden, "[i]gnorance alone will not exonerate the employer under the objective reasonableness test." *Williams v. Tri-Cty. Growers, Inc*, 747 F.2d 121, 129 (3rd Cir. 1984).  "It requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them." *Reich*, 121 F.3d at 71.  "The burden, under 29 U.S.C. § 260, is a difficult one to meet, however, and double damages are the norm, single damages the exception....." *Id.* (quotations omitted).  "If the employer fails to come forward with plain and substantial evidence to satisfy the good faith and reasonableness requirements, the district court is without discretion to deny liquidated damages." *Williams*, 747 F.2d at 129.

Turning to my analysis, I find that there are genuine issues of material fact as to whether Westwood acted willfully in violating the FLSA. In the years following the *Cuvillier* and *Edwards* cases, the admissions practices of Westwood College, and as a result, the ability of Field Admissions Representatives to perform as salespeople changed. The compensation plan was revised to eliminate incentive pay, a key indication of outside sales status. The evidence suggests that the regulatory environment changed to the point where all statements made by Field Admissions Representatives were scripted by Westwood and monitored by Mystery Shoppers. The training in traditional sales techniques, which had previously been employed according to the 2007 Book of Knowledge, was eliminated. Given these changes, a new job description was written by Defendant's Human Resources Department, and I find that a genuine issue of fact exists as to whether the position was reclassified as nonexempt. The job was modified to the extent that all sales terminology was eliminated from training. Yet with these modifications, it appears that Westwood failed to review the classification of the position for ten years, which I find creates an issue of fact as to whether this failure to review the classification showed a reckless disregard for compliance with the law.

This ties into the issue of Westwood's good faith. I also find that there is a genuine issue of material fact on this issue. As noted at the June 11, 2014 hearing, a reasonable fact finder could conclude from the evidence that Westwood's own Human Resources Department provided an opinion that the position was misclassified. If Westwood failed to review a classification decision for ten years when the job requirements changed, the compensation plan changed, and the regulatory

environment changed the way the job was being performed, it is questionable whether the good faith defense would be applicable.  Accordingly, I find that Westwood's summary judgment motion should be denied as to the issue of willfulness in connection with liquidated damages.

Finally, Westwood asserts that in the event I determine that it has not demonstrated that the Plaintiffs were exempt, I should grant partial summary judgment, and limit their claims to two years.  The FLSA generally imposes a two-year statute of limitations unless the defendant's violations are shown to be willful, in which case a three-year period applies.  *Mumby v. Pure Energy Services (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011); 29 U.S.C. § 255(a).  "To fall under the three-year limitation, the plaintiff must show that the employer either knew or showed reckless disregard for the matter of whether its conduct violated the statute."  *Mumby*, 636 F.3d at 1270 (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).  "Reckless disregard can be shown through action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known."  *Id.* (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007)); see also *Reich*, 144 F.3d at 1334 (noting that the standard for determining whether a violation of the FLSA is willful, knowing or reckless "is whether the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA])."

In response, Plaintiffs argue that there are disputed fact issues as to the applicable limitations period.  Specifically, there are disputes as to whether Westwood showed reckless disregard for whether the Field Admissions Representative classification was FLSA compliant.  I agree, finding that there is a genuine issue of

material fact as to whether Plaintiffs are entitled to the protections of a three year

limitations period.  Accordingly, I deny summary judgment on this issue.

III.   <u>CONCLUSION</u>

      For the reasons stated on the record at the June 11, 2014 and set forth above, it

is hereby

      ORDERED that Defendant's Motion for Summary Judgment on the Claims of

Plaintiff Scott Burke and Opt-In Plaintiffs Steven Levine and Nicholas Hruby (ECF No.

115) is **DENIED**.

      Dated:  June 25, 2014

                           BY THE COURT:


                           s/ Wiley Y. Daniel
                           Wiley Y. Daniel
                           Senior United States District Judge